United States District Court
For the Northern District of California

1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT

7           FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   JAIME HERNANDEZ,                      No. C 09-1845 WHA (PR)

11                    Petitioner,          **ORDER OF DISMISSAL WITH
                                            LEAVE TO AMEND**
12        vs.

13   STATE OF CALIFORNIA,

14                    Respondent.
                                    /
15

16        Petitioner, a California prisoner currently incarcerated at, has filed a pro se petition for

17   writ of habeas corpus pursuant to 28 U.S.C. 2254.  He has paid the filing fee.

18        Venue is proper in this district because petitioner was convicted in Monterey County,

19   which is in this district.  *See* 28 U.S.C. 2241(d).

20                              **DISCUSSION**

21   A.    **STANDARD OF REVIEW**

22        A district court may entertain a petition for writ of habeas corpus "in behalf of a person

23   in custody pursuant to the judgment of a State court only on the ground that he is in custody in

24   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a); *Rose*

25   *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

26   requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

27   of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

28   court must "specify all the grounds for relief which are available to the petitioner ... and shall

1    set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

2    the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not

3    sufficient, for the petition is expected to state facts that point to a 'real possibility of

4    constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

5    688, 689 (1st Cir. 1970).   "Habeas petitions which appear on their face to be legally

6    insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court*

7    *(Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

8    **B.    LEGAL CLAIMS**

9        A Monterey County jury convicted petitioner of three counts of murder and found true

10   the prosecution's allegations that he committed the killings to assist a criminal street gang and

11   personally discharged a firearm.  He was sentenced to prison for 180 years to life.

12       Petitioner's first claim is that he was "[w]rongfully convicted."  In the facts section of

13   the form petition he says, as to this issue: "evidence not his," which is incomprehensible, and

14   "[c]onvicted without any physical evidence," which does not allege a constitutional violation,

15   there being no constitutional requirement that a conviction be supported by physical evidence.

16   This claim will be dismissed with leave to amend to state facts that point to a real possibility of

17   constitutional error.

18       For his second claim petitioner has written "[b]ias," nothing more.  In the facts section

19   for this claim he has written: "[d]ecision contrary to weight of evidence.  Inappropriate

20   sentencing (Evidence not his)."  The bias contention is unexplained – petitioner does not say

21   who he contends was biased nor does he provide any facts suggesting that any person, such as

22   the judge, or body, such as the jury, was biased.  He also does not say what about the sentencing

23   was "inappropriate," and whether a sentence was or was not appropriate is not a matter of

24   constitutional law.  And once again the phrase "evidence not his" is unexplained.  The only

25   contention in this claim that looks even slightly like a federal habeas claim is petitioner's claim

26   that the verdict was "contrary to the weight of the evidence."  Even so it does not state a federal

27   claim for relief, although it may be that he is trying to claim that there was insufficient evidence

28   to support the verdict, a due process violation.  *See Jackson v. Virginia*, 443 U.S. 307, 321

1  (1979).  If that is his claim, he must say so in his amended petition.  This claim also will be

2  dismissed with leave to amend.

3       Petitioner labels his third claim "[a]mendment # 8," and for the facts of the claim has

4  written: "Excessive bail, fine or punishment shall not be required or impose[d]. (Tr[ia]l as an

5  adult at age (16))."  As there is no indication that bail is an issue, or that a fine was imposed, it

6  may be that this is a claim that the 180 year sentence was excessive, but if so petitioner must

7  clearly say so.  The reference to his being tried as an adult is unclear; if he is trying to assert a

8  claim that trying him as an adult violated his constitutional rights, he must provide some facts

9  that would point to a real possibility of constitutional error.

10       Because none of the claims is sufficient to proceed as presently drafted, the petition will

11  be dismissed with leave to amend.

12                                    **CONCLUSION**

13       1.  The petition is **DISMISSED** with leave to amend within thirty days from the date this

14  order is entered.  The amendment must be on the court's form for prisoner section 2254

15  petitions and must include the caption and civil case number used in this order and the words

16  AMENDED PETITION on the first page.  Failure to amend within the designated time will

17  result in the dismissal of these claims.

18       2.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the court

19  informed of any change of address and must comply with the court's orders in a timely fashion.

20  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

21  Federal Rule of Civil Procedure 41(b).

22       **IT IS SO ORDERED.**

23  Dated:  June ___24___, 2009.

24                                    WILLIAM ALSUP
                                       UNITED STATES DISTRICT JUDGE

25

26

27

28  G:\PRO-SE\WHA\HC.09\HERNANDEZ1845.DWL.wpd

United States District Court

For the Northern District of California

3